UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EDUARDO LOPEZ ABREU,

      Petitioner,

    v.                        Case No.:  2:26-cv-01263-SPC-NPM

TODD BLANCHE *et al.*,

      Respondents,

                                  /

## OPINION AND ORDER

Before the Court are petitioner Eduardo Lopez Abreu's Petition for Writ of Habeas Corpus (Doc. 1) the government's response (Doc. 6), and Abreu's Reply (Doc. 10).

Lopez Abreu is a native of Cuba who was admitted into the United States as a lawful resident on July 7, 1999. On March 4, 2016, he was convicted of robbery and sentenced to two years in prison. On October 25, 2017, an immigration judge ordered Lopez Abreu removed to Cuba. Immigration and Customs Enforcement ("ICE") released him under an order of supervision on November 22, 2017.

On January 9, 2026, Lopez Abreu was convicted of battery on a law enforcement officer. When Lopez Abreu finished his sentence on February 3, 2026, ICE revoked his release due to his violation of the terms of the order of

supervision and took him into custody. He is currently detained at Alligator Alcatraz.

Lopez Abreu's petition makes it clear he either did not receive or did not understand the written notice of the revocation of his release. Lopez Abreu argues—through counsel—that his detention is unlawful under *Zadvydas v. Davis*, 533 U.S. 678 (2001) because there is no significant likelihood of removal in the reasonably foreseeable future. Lopez Abreu also claims he did not receive the process due under either regulation governing revocation of release, 8 C.F.R. § 241.4(l) and 8 C.F.R. § 241.13(i).

ICE did not revoke Lopez Abreu's release because it found removal would happen soon, so the *Zadvydas* test does not apply here. Rather, ICE revoked release because Lopez Abreu violated the terms of the order of supervision. § 241.4(l) governs revocations of release for that reason. It requires written notice of the reasons for revocation and "an initial informal interview promptly after his or her return to [ICE] custody to afford the alien an opportunity to respond to the reasons for revocation stated in the notification." 8 C.F.R. § 241.4(l)(1). If ICE does not release the noncitizen after the initial informal interview, the noncitizen is entitled to a more comprehensive custody review, "which will ordinarily be expected to occur within approximately three months after release is revoked." *Id.* at § 241.4(l)3)

It is not clear whether Lopez Abreu received written notice of the reason for revocation, but it is undisputed that ICE did not afford him a prompt initial informal interview or the subsequent custody review. Thus, the respondents did not follow § 241.4(l), which establishes the process due in this situation. By detaining Lopez Abreu without following § 241.4(l), the respondents violated his right to due process. *See Zhu v. Genalo*, 798 F. Supp. 3d 400 (S.D.N.Y. 2025) (collecting cases that reach the same conclusion based on similar facts). Lopez Abreu is entitled to release from detention, but he remains subject to reasonable terms of supervision.

Accordingly, it is hereby **ORDERED:**

Eduardo Lopez Abreu's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

1. The respondents shall release Lopez Abreu within 24 hours of this Order, and they shall facilitate his transportation from the facility by notifying his counsel when and where he can be collected.

2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on May 7, 2026.

SA: FTMP-1
Copies: All Parties of Record